**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMUNDO RODRIGUEZ and
ADRIEL GUITRON,

          Plaintiffs - Appellants,

 v.

CITY OF COLTON and ERIC FRASER,
individually and as an agent of the City of
Colton,

          Defendants - Appellees.

No. 09-55149

D.C. No. 5:07 cv-0303-SGL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted July 11, 2013
Pasadena, California

Before:    TASHIMA and BYBEE, Circuit Judges, and BENCIVENGO, District
           Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

Plaintiffs Raymond Rodriguez and Adriel Guitron ("Plaintiffs") appeal from the district court's order granting summary judgment in favor of Defendants City of Colton (the "City") and Eric Fraser ("Fraser") (together, "Defendants") on their employment discrimination and retaliation claims. Because the facts and procedural history are familiar to the parties, we do not recite them here, except as necessary to explain our disposition. Although no separate order was entered on the docket below as required, *see* Fed. R. Civ. P. 58, the summary judgment order was nevertheless a final judgment for purposes of our jurisdiction under 28 U.S.C. § 1291. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387-88 (1978); *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1089 n.5 (9th Cir. 2011). We review a grant of summary judgment de novo. *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012).

**1.**     Under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), once Defendants produced a legitimate, non-discriminatory explanation for its actions, the burden shifted to Plaintiffs to show that Defendants' explanation was pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43 (2000). In order to survive Defendants' motion for summary judgment, Plaintiffs were required to adduce evidence "on which [a] jury could reasonably find" for them. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.").  Plaintiffs' argument that Fraser was the ultimate decision-maker in this case is based on "undue speculation," *see Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011), and their "cat's paw" argument fails because there is no evidence that any action taken by Fraser was "a proximate cause of the ultimate employment action," *see Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1194 (2011).  Plaintiffs' argument that the City's explanation was pretextual is equally speculative.  *See Pottenger v. Potlatch Corp.*, 329 F.3d 740, 746-47 (9th Cir. 2003).  Plaintiffs' argument that the treatment of Bales and Rheubottom created a genuine issue of material fact is also without merit because those employees were not similarly situated to Plaintiffs.[1]  *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660 (9th Cir. 2002).  In sum, Plaintiffs' discrimination claim is so entirely based on speculation that no "fair-minded jury could return a verdict for [them] on the evidence presented."  *See Anderson*, 477 U.S. at 252.  The district court did not err in granting Defendants' motion for summary judgment on this claim.

---

[1]     Bales and Rheubottom had engaged in misconduct unrelated to this case.  They were given progressive discipline before being terminated.

**2.** In order to make out a claim for retaliation, Plaintiffs must have engaged in "protected activity." *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006); *Miller v. Dep't of Corr.*, 115 P.3d 77, 94 (Cal. Ct. App. 2005). Although a plaintiff need not understand the exact legal bases or ramifications of his activities in order to receive protection, those activities must plausibly bear some relation to discrimination on the basis of a protected characteristic. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013). Here, the complaint about departmental resources was not plausibly related to any form of unlawful discrimination. Accordingly, it was not protected activity, and Plaintiffs failed to make out a prima facie claim of retaliation. *See Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411-12 (9th Cir. 1987).

**3.** Finally, we lack jurisdiction over Plaintiffs' appeal from the district court's order granting Defendants' motion for attorneys' fees. The district court never determined the amount of fees due, and a finding of liability without a determination of the extent of that liability is not a final judgment. *See Brown v.*

*U.S. Postal Serv.*, 860 F.2d 884, 886 (9th Cir. 1988).  Accordingly, we must dismiss this portion of Plaintiffs' appeal.[2]

• ● •

The district court's decision dismissing Plaintiffs' claims on summary judgment is affirmed, but the appeal from the district court's order granting Defendants' motion for attorneys' fees is dismissed for lack of appellate jurisdiction.  Costs awarded to Defendants.

**AFFIRMED in part and DISMISSED in part.**

---

[2]      The district court granted Defendants' fees motion (without specifying the amount of the award) in June 2009, but the assigned district judge resigned from the bench shortly thereafter without entering a final order on the fees motion. In spite of the parties' best efforts, however, this case has not been reassigned to another district judge.  Thus, this motion has not yet been finally resolved.  On remand, the United States District Court for the Central District of California should promptly reassign this case to another judge for resolution.